```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                      WESTERN DIVISION
                      No. 5:13-CR-6-1H
                      No. 5:15-CV-117-H
```

JASON LEMAR MEDLYN,           )
    Petitioner,             )
                        )
                        )
    v.                        )    **ORDER**
                        )
                        )
UNITED STATES OF AMERICA      )
    Respondent.             )

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss. Petitioner has responded to the government's motion. Additionally, petitioner filed an Addendum to his motion.

### BACKGROUND

On July 10, 2013, petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to possess firearms and ammunition, in violation of 18 U.S.C. § 371 (Count One); possession of firearms in a school zone and aiding and abetting that offense,

in violation of 18 U.S.C. § 922(q), 924(a)(2), and 2 (Count Three); and possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1) and 924 (Count Five). Pursuant to the plea agreement, the government agreed to dismiss charges of possession of stolen firearms and possession of firearms in a school zone. This court sentenced petitioner to a total term of imprisonment of 240 months on December 11, 2013. Petitioner appealed his sentence to the Fourth Circuit Court of Appeals. By order dated September 5, 2014, the Fourth Circuit affirmed petitioner's judgment in part and dismissed petitioner's appeal in part [DE #130]. On April 27, 2015, petitioner filed the instant motion to vacate, raising two claims of ineffective assistance of counsel. First, he argues counsel was ineffective for failing to move to dismiss his conviction for Count Three based on lack of venue in the Eastern District of North Carolina. Second, petitioner argues counsel was ineffective for failing to argument the government could not prove the elements of Count Three.

In the Addendum filed on December 7, 2015, petitioner lists three additional grounds for review, but does not elaborate on any of these three grounds. In deference to petitioner's pro se status, the court, in its discretion, allows petitioner 40 days to supplement his motion, detailing the additional grounds delineated in the Addendum. Following petitioner's supplement, the

government is directed to respond to the supplement by filing an appropriate response within 30 days. Petitioner may have 20 days to reply, if desired.

This  26th  day of May 2016.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26