IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CR-6-H
No. 5:15-CV-117-H

JASON LEMAR MEDLYN,  )
    Petitioner,  )
                     )
v.  )             **ORDER**
                     )
UNITED STATES OF AMERICA,  )
    Respondent.  )
                     )

This matter is before the court on the government's Motion to Dismiss, [DE #159], in response to petitioner's Motion to Vacate under 28 U.S.C. § 2255, [DE #149, #157]. Petitioner responded to the government's motion to dismiss, [DE #162], and filed an addendum to his motion to vacate, [DE #163], as well as a supplement to his motion to vacate, [DE #168]. The government, at the court's direction, filed a response to the defendant's supplement, [DE #178], and defendant replied to the response, [DE #180]. This matter is ripe for adjudication.

## BACKGROUND

On July 10, 2013, petitioner pled guilty pursuant to a written plea agreement to conspiracy to possess firearms and ammunition in violation of 21 U.S.C. § 371 (Count One); possession of firearms in a school zone and aiding and abetting that offense in violation of 18 U.S.C. §§ 922(q), 924(a)(2), and 2 (Count Three); and

possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count Five). [DE #84]. On December 11, 2013, the court sentenced petitioner to 60 months each on Counts One and Three, to be served consecutively, with 120 months on Count Five, for a total term of imprisonment of 240 months. Petitioner timely appealed his judgment, and the Fourth Circuit affirmed in part and dismissed in part on September 5, 2014. United States v. Medlyn, No. 13-4958 at *4 (4th Cir. September 5, 2014) (unpublished). On April 20, 2015, petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. In his motion, memorandum, addendum, and supplement, the petitioner raises the following claims: (1) his counsel was ineffective for failing to raise the issue of venue;[1] (2) his counsel was ineffective for failing to argue the evidence was insufficient to support his conviction for possessing a firearm in a school zone because there was insufficient evidence to show defendant knew or reasonably should have known he was in a school zone; and, (3) defendant is actually innocent of Counts One, Three, and Five.

---

[1] Inasmuch as defendant seeks to allege, separately from his ineffective assistance of counsel claim, that this court had no jurisdiction over Count Three because venue was properly in the Middle District of North Carolina, this matter was already heard and decided by the Fourth Circuit Court of Appeals. United States v. Medlyn, No. 13-4958 (4th Cir. September 5, 2014) (finding counsel waived defendant's right to contest venue of Count Three, in which the school zone was located in the Middle District of North Carolina and not the Eastern District, when counsel did not object to venue in the district court.)

2

**COURT'S DISCUSSION**

I. <u>Ineffective Assistance of Counsel</u>

Petitioner alleges his counsel was ineffective by failing to object to venue and by failing to argue the evidence was insufficient to support a possession of a firearm in a school zone conviction because the evidence was allegedly insufficient to prove the defendant knew or reasonably should have known he was located in a school zone. [D.E. #157 at 5; #157-3 at 1; #162 at 2, 3].

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. <u>Id.</u> at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. <u>Id.</u> at 689. The <u>Strickland</u> court reasoned "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." <u>Id.</u> Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

3

been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The decision not to object to venue may well have been a strategic decision based on the plea negotiations, based on any number of factors, including attempting to alleviate the chance of petitioner being charged in two different districts under two different indictments. Courts must make "every effort . . . to eliminate the distorting effects of hindsight," Strickland, 466 U.S. at 689, and to evaluate an attorney's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances," United States v. Roane, 378 F.3d 382, 410 (4th Cir. 2004) (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Here, even if petitioner could show counsel's performance was deficient for failing to object to venue at the Rule 11 hearing, the government argues and the court agrees, that defendant has failed to show requisite prejudice under Strickland. Petitioner pled guilty to a lesser number of charges, and he has not shown he

4

would have pled not guilty and insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

As to petitioner's claim regarding his knowledge of being in a school zone, this claim is without merit. Petitioner knowingly entered his guilty plea and it was within objectively reasonable standards and a matter of sound trial strategy for counsel not to object to allegedly insufficient evidence to prove elements of a charge to which the defendant was pleading guilty. [DE #125 at 13-15]. Petitioner has failed to show counsel's assistance fell below objectively reasonable standards and, consequently, failed to show he suffered prejudice therefrom. Therefore, petitioner's claims of ineffective assistance fail.

## II. Actual Innocence

Petitioner contends he is actually and factually innocent of Counts One, Three, and Five. Petitioner alleges he is innocent of Count One because the offense was burglary of a trailer and thus the offense was not against the United States as required by statute. This argument is without merit and is misguided. In Count One, petitioner was charged with and pled guilty to conspiracy to possess a stolen firearm and ammunition in violation of 18 U.S.C. § 371. While breaking and entering a mobile home may be how petitioner obtained the firearm and ammunition in question, the crime he pled guilty to, under oath, was conspiracy to possess a firearm and ammunition. Petitioner has shown nothing supporting

a claim of actual innocence of this charge; therefore, petitioner's claim fails as to Count One.

Petitioner alleges he is innocent of Count Three because United States v. Lopez, 514 U.S. 549, 568 (1995), invalidated 18 U.S.C. § 922(q) holding Congress exceeded its authority in enacting the statute in violation of the Commerce Clause. However, 18 U.S.C. § 922(q) was amended in 1996, after the Lopez decision, and it is this version of the statute under which petitioner was convicted. Thus, petitioner has shown no evidence of actual innocence of this count, and his claim fails.

Relying on United States v. Simmons, 649 F.3d 237, 240 (4th Cir. 2011), petitioner also alleges he is actually innocent of Count Five because he argues he has never been sentenced to a term of imprisonment which exceeded one year. Petitioner misconstrues the holding of Simmons. Rather than looking at the actual sentence a particular defendant received, the Simmons court held that a court must look to the maximum punishment that the particular offender could have received in determining whether a prior North Carolina conviction may serve as a predicate felony for federal sentencing purposes. Simmons, 649 F.3d at 246-49.

In support of his argument, petitioner attaches to his supplement a North Carolina state court Judgment and Commitment upon Revocation of Probation [DE #168-1]. A review of that Judgment and Commitment reveals defendant was convicted of felony

6

larceny. Looking at his prior record level and the North Carolina Structured Sentencing Act in effect at the time of his conviction and sentence, petitioner faced a potential sentence of more than one year in jail on that conviction. Therefore, despite petitioner's argument, petitioner had been convicted of a crime punishable by a term of imprisonment exceeding one year at the time he pled guilty to Count Five. Therefore, petitioner's contention that he is actually innocent of Count Five fails.

**CONCLUSION**

For the foregoing reasons, the Government's Motion to Dismiss, [DE #159], is GRANTED. Petitioner's Motions to Vacate and incorporated addendum and supplement, [DE #149, #157, #163, #168], are DENIED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). A reasonable jurist would not find this court's dismissal of

petitioner's 28 U.S.C. § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 3rd day of August 2017.

/s/ Malcolm J. Howard
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35

8